UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOHN HENRY "JACK' OWOC,  )
 )
    Plaintiff,  )
 )  CASE NO. 0:25-cv-60546-PMH
v.  )
 )
JORDAN SHAW.  )
 )
    Defendant.  )
_____)

**REPLY TO RESPONSE IN OPPOSITION TO
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant, JORDAN SHAW, files his reply to Plaintiff's, JOHN HENRY "JACK" OWOC ("Plaintiff"), opposition to Shaw's motion to dismiss and embedded motion to strike the introduction and statement of facts from the motion to dismiss. (Doc. 17).

**A.  Rule 12(f) does not apply to motions to dismiss.**

Page 2 of the response asks this Court to strike certain sections of the motion to dismiss under Fed. R. Civ. P. 12(f). Rule 12(f) allows the Court to strike ***from a pleading*** "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id*. And Rule 7(a) limits "pleadings" to "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).

160946147.1

1

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**,
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

Motions, and their content, are not "pleadings" that can be struck under Rule 12(f). *See, e.g.,* Burrs v. Brevard Cnty. Florida, No. 6:25-CV-00884-CEM-NWH, 2025 WL 1927501, at *1 (M.D. Fla. July 14, 2025) ("Rule 12(f) motions to strike other filings (such as other motions, responses, or exhibits) are routinely denied as improper."); *Silva v. Swift*, 333 F.R.D. 245, 248 (N.D. Fla. 2019); *Jallali v. Am. Osteopathic Ass'n*, No. 11-60604-CIV, 2011 WL 2039532, at *1 (S.D. Fla. May 25, 2011) (dispositive motions are not "pleadings" within the definition of Rule 7(a)); *Morroni v. Gunderson*, 169 F.R.D. 168, 170 (M.D. Fla. 1996) ("As this Court has previously stated '[a] motion is not a pleading, and thus a motion to strike a motion is not proper under 12(f).'").

### B. Shaw has never argued that he is entitled to judicial immunity.

Page 3 erroneously concludes that Shaw argued entitlement to absolute judicial immunity from suit. Of course, he never did so because he is not a judge. Perhaps the response conflates "judicial immunity" with the "litigation privilege," which was argued. *See* Doc. 13, p. 14 ("Shaw is entitled to absolute immunity under Florida's litigation privilege for the claims of defamation and slander.").

### C. Florida's litigation privilege applies.

Florida's litigation privilege affords absolute immunity "to any act occurring during the course of a judicial proceeding ... so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So.2d 606, 608 (Fla. 1994). The privilege "has since been extended to cover all acts related to and occurring within judicial proceedings." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1274 (11th Cir. 2004). Owoc doesn't

160946147.1

2

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**,
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

attempt to distinguish which statements should (arguably) be the basis of liability. He only states that Florida's litigation privilege "does not shield individuals from liability for knowingly false, defamatory, or fraudulent statements...." Doc. 17, p. 3. That statement, with no legal support, is in direct conflict with what the Florida Supreme Court and the Eleventh Circuit have stated for many years.

### D. Owoc's response that he, *ipse dixit*, stated claims under federal law is nothing more than a denial of the arguments raised in the motion to dismiss and have no legal support or citations.

Owoc's response concludes, without legal support, that he has done enough to state claims for each cause of action he wants to bring. Owoc is correct that, at the motion to dismiss stage, he only needs to present plausible claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). But that statement, by itself, does not even begin to address the myriad and detailed legal arguments raised in the motion to dismiss.

Many of the causes of action he's attempting to bring don't have private rights of action, and there's no set of facts that Owoc can allege to allow him to bring them. The federal wire and mail fraud statutes are criminal statutes that do not have civil remedies. *Austin v. Glob. Connection*, 303 Fed. Appx. 750, 752 (11th Cir. 2008). Sections 812.014 and 817.034 are criminal statutes, and there is no authority indicating that either provide a private right of action. *Madura v. Countrywide Home Loans, Inc.*, 344 Fed. Appx. 509, 518 (11th Cir. 2009). And under federal law, an injunction (Count

160946147.1

3

LEWIS BRISBOIS BISGAARD & SMITH, LLP,
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

10) is a remedy, not a separate cause of action. *Exum v. Nat'l Tire & Battery*, 437 F. Supp. 3d 1141, 1159 (S.D. Fla. 2020). Further, "in no case has a Florida court allowed a cause of action for fraud on the court…in a court that is different from the one in which the fraud was committed." *Florida Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 336 F. Supp. 2d 1239, 1271–72 (S.D. Fla. 2004), *aff'd,* 470 F.3d 1036 (11th Cir. 2006).

Rather than repeat the detailed arguments set forth in the motion to dismiss, and because there is generally not much to reply to, Shaw stands on his previous arguments.

### E. Owoc's complaint is a collateral attack on the state court proceedings because he needs the underlying state court or bankruptcy court decisions to be wrong to make any of the claims here.

Again, Owoc only offers a general denial and refutation that he is not collaterally attacking any proceedings. In brief, Owoc's complaint seeks to "nullify the receivership and all fraudulent orders." Doc. 5, p. 10. To determine that Owoc is correct, this Court necessarily must determine the state court is wrong in entering the receivership and in entering any subsequent orders afterwards. Determining the state court was wrong in entering the receivership, for example, would "effectively nullify" the state court's determination that one was necessary. The argument "succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). That is precisely what a collateral attack is.

160946147.1

4

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**,
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

### F. Conclusion

The grounds supporting Shaw's motion to dismiss have been set forth in exhaustive detail already, and the response offers no real substantive counter-argument. Owoc's amended complaint against Shaw should be dismissed.

Dated: August 1, 2025.                          Respectfully submitted,

**Lewis Brisbois Bisgaard & Smith LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954-728-1280
Facsimile: 954-728-1282

*/s/ Alex B.C. Ershock*
Jonathan Beckerman, Esq. (FBN 568252)
Jonathan.Beckerman@lewisbrisbois.com
Alex Ershock (FBN 100220)
Alex.Ershock@lewisbrisbois.com
Pedro S. Quintana, Esq. (FBN 1026411)
pedro.quintnana@lewisbrisbois.com
*Counsel for Jordan Shaw*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I caused the foregoing document to be electronically filed with the Clerk of the Court and served upon the parties who are not registered for CM/ECF as follows:

**John Henry "Jack" Owoc**
3052 N. Atlantic Blvd.
Fort Lauderdale, FL 33308
Jackowoc.ceo@gmail.com
*Via CM/ECF*

                                        */s/ Alex B.C. Ershock*
                                        Alex B.C. Ershock

160946147.1

5

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**,
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090