UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-60546-CIV-HUNT

JOHN HENRY "JACK" OWOC,

        Plaintiff,

vs.

JORDAN SHAW

        Defendant.

_____/

## ORDER

THIS CAUSE is before this Court on Defendant's Motion to Dismiss First Amended Complaint.  ECF No. 13.  This matter was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11 and is before this Court upon the Parties' consent.  ECF No. 4.  Upon thorough and careful review of the Motion, Response, Reply, and applicable law, and being otherwise fully advised in the premises, the undersigned GRANTS the Motion for the reasons stated below.

## BACKGROUND

This cause arises out of an allegedly fraudulent scheme orchestrated by Defendant to strip Plaintiff of his financial stake in an LLC.  Plaintiff alleges in his Amended Complaint that Defendant, an attorney, manipulated the legal system, defrauded the court, and unlawfully stripped Plaintiff of his rights, assets, and financial interests in a real estate venture.  Defendant contends that Plaintiff is using the legal system to get back at him because he successfully represented an entity looking to protect itself and others from

Plaintiff's reckless actions.   Defendant now seeks to have the Amended Complaint dismissed.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "To meet this 'plausibility standard,' a plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Arias v. Integon Nat'l Ins. Co*., No. 18-22508-CIV-ALTONAGA/GOODMAN, 2018 WL 4407624, at *2–3 (S.D. Fla. Sept. 17, 2018) (quoting *Iqbal*, 556 U.S. at 678). "A complaint may be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Reilly v. Herrera*, 622 F. App'x 832, 833 (11th Cir. 2015).

"On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true." *Id*. (*citing Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1369 (11th Cir. 1997)). "Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading." *Id*. (citing *Iqbal*, 556 U.S. at 679).

## ANALYSIS

As an initial observation, Plaintiff has filed a sprawling, 118-page Amended Complaint alleging misdeeds comprising eleven counts and seeking not only an injunction but also Rule 11 sanctions against Defendant before Defendant has filed a single word in response.   Notably, Rule 8 of the Federal Rules of Civil Procedure requires "short and

plain" statements showing the pleader is entitled to relief.  Indeed, "a district court acts within its discretion when it dismisses an excessively prolix and overlong complaint." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019).  To be sure, the complexity of a claim may dictate longer or shorter complaints.  *Id.*  Having digested Plaintiff's bountiful serving of grievances, the Court finds Plaintiff's claims are not so complex as to justify such a lengthy filing.

Relatedly, Defendant complains that Plaintiff's Amended Complaint is a shotgun pleading that fails to comply with Fed. R. Civ. P. 8(a) and 10(b).  *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).  Courts have generally identified four types of shotgun pleadings.

> The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.  The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.  The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.  Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.  The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Id.* at 1321–23 (footnotes omitted).

Defendant argues that Plaintiff's Complaint at the very least falls into the second category of shotgun pleading, in that it is replete with conclusory, vague, and immaterial facts not obviously connected to a cause of action.  Plaintiff maintains that such length is necessary because Defendant's actions were fraudulent "at every level," from tip to tail,

and that "[e]very fraudulent act [Defendant] committed must be identified, adjudicated, and remedied to restore justice and accountability." ECF No. 5 at 7. Be that as it may, the time for such a recounting is not necessarily at the complaint stage, where guidance in the Federal Rules cautions litigants to shoot for conciseness.

Plaintiff's Amended Complaint contains a scattershot blast of repetitive, conclusory allegations that veer, often without warning, between ethical and legal misdeeds[1] and which becomes increasingly harder to follow as the counts pile up. Although the scope of sanctionable activity alleged is clearly epic, Plaintiff must nonetheless endeavor to make his claims comprehensible. As it stands, Plaintiff's Amended Complaint fails to do so, and thus must be dismissed as a shotgun complaint under the Federal Rules.

Additionally, as Plaintiff plainly acknowledges, many of Plaintiff's claims stem from state court litigation. Plaintiff's Amended Complaint, however, fails to account for the fact that "[t]o the extent [Plaintiff's request] . . . arises from the decisions . . . rendered in the [state] courts, the *Rooker-Feldman* doctrine bars review." *Cahill v. Kendall*, 202 F. Supp. 2d 1322, 1329 (S.D. Ala. 2002). The *Rooker-Feldman* doctrine "bars . . . claims that invite a district court's review and rejection of a state court judgment." *Behr v. Campbell*, 8 F.4th 1206, 1214 (11th Cir. 2021) (internal quotation omitted). It bars federal review where a party seeks "relief from the judgment of the state court." *Id.* It is "a limited doctrine that applies only when litigants try to appeal state court losses in the lower federal courts." *Id.*

---

[1] Many of Plaintiff's claims stem from Plaintiff's alleged violations of criminal statutes. This falls afoul of the "firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these actions." *Bradley v. Miller*, No. 06-61529-CIV-MORENO, 2007 WL 2900443, at *1 (S.D. Fla. Oct. 2, 2007).

Several of Plaintiff's requests for relief demonstrate that his claims fall squarely under *Rooker-Feldman*.  In bold, capital letters, Plaintiff states that "THE COURT MUST NULLIFY THE RECEIVERSHIP AND ALL FRAUDULENT ORDERS."  ECF No. 5 at 10; *see also* ECF No. 5 at 18 ("the court should . . . Vacate the illegitimate Ex Parte ruling"); ECF No. 5 at 90 (Plaintiff "respectfully requests that this Court . . .Dismiss with prejudice any claims or rulings obtained by Defendant through fraudulent conduct.").  Clearly, Plaintiff seeks to have this Court overturn the state court's rulings, without any explanation as to why he could not have appealed any adverse decisions in state court.  Therefore, to the extent Plaintiff seeks relief from a state court judgment, such claims must be dismissed.[2]

Further, many of Plaintiff's claims stem from actions taken during state court litigation.  As Defendant points out, "Florida's litigation privilege affords absolute immunity for acts occurring during the course of judicial proceedings."  *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1274 (11th Cir. 2004).  "Florida's litigation privilege applies to the state-law claims adjudicated in federal court."  *Id*.

The Florida Supreme Court explained the scope and rationale of the privilege as follows:

---

[2] Defendant also argues that this Court should exercise its discretion and dismiss under *Colorado River* abstention doctrine.  The undersigned notes that "abstention as a general matter is rare, [and] *Colorado River* abstention is particularly rare, permissible in fewer circumstances than are the other abstention doctrines."  *Jackson-Platts v. Gen. Elec. Cap. Corp.*, 727 F.3d 1127, 1140 (11th Cir. 2013) (internal citations and quotations omitted).  "[D]ismissal of an action in deference to parallel state proceedings is an extraordinary step that should not be undertaken absent a danger of a serious waste of judicial resources."  *Id.* (quoting *Noonan S., Inc. v. Cnty. of Volusia,* 841 F.2d 380, 383 (11th Cir.1988)).  Given the deficiencies of Plaintiff's Complaint, the undersigned cannot determine if this case is one of those rare circumstances.

> [A]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior . . . so long as the act has some relation to the proceeding. The rationale behind the immunity afforded to defamatory statements is equally applicable to other misconduct occurring during the course of a judicial proceeding.  Just as participants in litigation must be free to engage in unhindered communication, so too must those participants be free to use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.

*Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co.,* 639 So.2d 606, 608 (Fla.1994).  To the extent that Plaintiff's claims arise out of actions taken by attorneys in relation to the lawsuit underlying many of the claims, none of which were sanctioned by the courts in which they occurred, they must be dismissed per the litigation privilege.

For all of these reasons, Plaintiff's Complaint must be dismissed.  However, the undersigned will provide Plaintiff an opportunity to file an amended complaint.   Plaintiff should specifically ensure that his amended complaint complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In accordance with Rule 8, Plaintiff's amended complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Twombly*, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face."  *Id.* at 555, 570.   "A claim has facial plausibility when the

6

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.    Plaintiff's factual allegations in his amended complaint must satisfy the requisite pleading standard, should clarify what claim Plaintiff seeks to bring, and should specifically allege what each Defendant did to give rise to a claim against that Defendant.   Moreover, in his amended complaint, Plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Additionally, Plaintiff must comply with all applicable procedural rules and allege sufficient facts in any amended complaint to plausibly state a claim.

The undersigned also notes that Defendant represents that Plaintiff's wordiness may stem at least in part from the usage of artificial intelligence to help generate his filings. Plaintiff did not respond to Defendant's allegations.  Because the Complaint is due to be dismissed for myriad reasons, the undersigned finds it sufficient to warn that "[w]hile . . . developments [in artificial intelligence] have been impressive, there is a need for education in the legal community to understand errors or 'hallucinations' that may occur in the output of the LLMs powering these platforms."  Hon. Xavier Rodriguez, *Artificial Intelligence (AI) and the Practice of Law*, 24 SEDONA CONF. J. 783, 784 (2023).  "The use of non-existent case citations and fake legal authority generated by artificial intelligence programs has been the topic of many published legal opinions."  *O'Brien v. Flick*, No. 24-61529-CIV-DAMIEN, 2025 WL 242924, at *6 (S.D. Fla. Jan. 10, 2025). "[T]he Court has inherent authority to sanction the misuse of AI when it affects the Court's docket, case disposition, and ruling."  *Versant Funding LLC v. Teras Breakbulk Ocean Navigation Enters., LLC*, No. 17-81140-CIV-MATTHEWMAN, 2025 WL 1440351, at *3

(S.D. Fla. May 20, 2025). Continued use of such programs can have serious consequences, up to and including the dismissal of a case. *See O'Brien*, 2025 WL 242924, at *7.

Accordingly, it is hereby ORDERED and ADJUDGED that:

1. Defendant's Motion to Dismiss, ECF No.13, is GRANTED;

2. All pending motions in this case are accordingly DENIED AS MOOT; and

3. Plaintiff is ordered to file an Amended Complaint within twenty (20) days from the date of this Order. Failure to do so will result in this Court dismissing the case.

DONE AND ORDERED at Fort Lauderdale, Florida this 13th day of November 2025.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:

All Counsel of Record

John Henry "Jack" Owoc
3052 N. Atlantic Ave.
Fort Lauderdale, FL 33308
PRO SE